**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BP PRODUCTS NORTH AMERICA, INC.,

Plaintiff,

v.

HILLSIDE SERVICE, INC., et al.,

Defendants.

Civ. No. 09-4210 (WJM-MF)

**MEMORANDUM OPINION**

**BROWN, Chief District Judge**

This matter comes before the Court upon the motion of the plaintiff BP Products North America, Inc. ("BP" or "Plaintiff") to transfer this case to the Honorable Dennis M. Cavanaugh. The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow the Court will deny Defendant's motion.

## I. BACKGROUND

BP is a party in two separate actions before Judge Martini, and has filed a motion in both cases to transfer them respectively to Judge Cavanaugh. The cases involve disputes between BP and its franchisees, involving the contract between BP and its franchise owners in New Jersey. The issue before the Court is whether to reassign these matters. BP's adversaries in both matters oppose the reassignment.

## II. DISCUSSION

Local Civil Rule 40.1(a), (c), and (e) establishes that the "reallocation or reassignment of any case, shall be upon the order of the Chief Judge." Subsection (c) describes a "related case" as that which: (1) relates to any property already included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court," and in such a case, and "[w]henever possible, such action shall be assigned to the same Judge to whom the pending related action is assigned." Loc. Civ. R. 40.1(c). While the Chief Judge has the discretion to reassign a particular matter to a different judge when there is another related matter previously before that judge, "reassignment is an extraordinary remedy." Allyn Z. Lite, New Jersey Federal Practice Rules, comment 5 to Loc. Civ. R. 40.1 at 195. "Litigants do[] not have the right to have [their] case heard by a particular judge," and just because the Chief Judge has the authority and discretion to reassign a matter, he need not exercise that discretion. Id. (citing In re Atamian, 247 Fed. Appx. 373 (3d Cir. 2007) (internal quotes omitted).

Here, BP argues that because Judge Cavanaugh has previously handled a similar matter with similar issues, the matters referenced are best handled by Judge Cavanaugh. Specifically, BP states that the Court should transfer BP's cases from Judge Martini to Judge Cavanaugh because they are related to other matters that were previously before Judge Cavanaugh. Specifically, BP argues:

> These cases are the latest in a series of cases between BP . . . and a number of BP-branded service station operators, called 'Commission Marketers' . . . concerning a series of nearly identical contracts, known as Commission Marketer Agreements. All prior cases have been before Judge Cavanaugh and the subject matter of these newly filed cases is closely related to a number of issues that have been extensively briefed

and decided by Judge Cavanaugh.

(Declaration of Lauri A. Mazzuchetti ¶1.)

BP's counsel seemingly asserts that Judge Cavanaugh previously handled three matters involving BP: (1) Sadiq Sawari, et. al. v. BP Products North America, Inc., Civil No. 06-2967; (2) BP Products North America, Inc. v. Hagop Baga, Civil No. 08-1802; and (3) Luso Fuel, Inc. v. BP Products North America, Inc., Civil No. 08-3947. All of these matters are closed. Because these matters are not currently pending, Subsection (c) of Local Civil Rule 40.1 is not instructive, as it describes related cases as those that are "pending" currently before a District Court Judge. BP's sole argument in favor of reassignment is that Judge Cavanaugh is familiar with the issues and this familiarity warrants reassignment.

The Court disagrees. Having determined that these cases aren't "related" to the previous matters in that none of the previous matters that were before Judge Cavanaugh are currently pending, and BP having failed to provide sufficient justification to warrant this "extraordinary remedy," the Court will deny BP's motions.

## III. CONCLUSION

For the foregoing reasons, the Court will deny BP's motion. An appropriate form of Order accompanies this Opinion.

Dated: January 4, 2010

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.